UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PATRICK DANIEL,

                Plaintiff,                    Case No. 1:18-cv-508

v.                                    Honorable Paul L. Maloney

SHANE JACKSON et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On May 9, 2018, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $6.01 within 28 days. On July 9, 2018, the Court dismissed the case for lack of prosecution because Plaintiff failed to pay the initial partial filing fee. Before the Court is Plaintiff's motion for reconsideration (ECF No. 7). The motion will be granted. However, the Court will dismiss the case for a different reason: failure to state a claim.

## Reconsideration

In his motion for reconsideration, Plaintiff contends that he believed that the Michigan Department of Corrections (MDOC) would automatically deduct the initial partial filing fee. However, when he noticed that the deduction had not occurred, he attempted to pay the partial filing fee by submitting an expedited legal mail form to MDOC staff. However, the form was returned to him on June 1, 2018, for reasons that he does not understand. According to exhibits attached to his motion, he subsequently completed another form to pay the fee, but apparently the MDOC did not deduct the funds from his account until after the Court entered its order dismissing

the case. The Court has since received the $6.01 initial partial filing fee. He asks the Court to reconsider its decision.

Because Plaintiff attempted to pay the fee within time period required by the Court, Plaintiff's motion will be granted. Consequently, the order and judgment dismissing the case for lack of prosecution will be vacated.

## Screening

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Baraga Correctional Facility (AMF) in Baraga, Michigan. The events about which he complains occurred at Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Plaintiff sues the following MDOC employees at MCF: Deputy Warden Shane Jackson; Inspector P. Davis; Property Officers Emmanuel Ekeagwu and Mark J. Dudek; and an unknown staff member ("John Doe").

Plaintiff alleges that on February 10, 2015, while he was incarcerated at MCF, he was taken to segregation. Later that day, Inspector Davis met with Plaintiff and told him that all

of his property had been moved to Deputy Warden Jackson's office. Davis and Jackson had looked through Plaintiff's belongings, and Davis asked Plaintiff a number of questions. Plaintiff refused to answer any questions.

The next day, Plaintiff was taken to Defendant Jackson's office. Jackson told Plaintiff that many of Plaintiff's belongings had been removed from Jackson's office. What remained were items that Jackson and Davis believed would be "of interest" to the MDOC director, who was scheduled to visit the facility to investigate an "incident" related to Plaintiff's property.[1] (Compl., ECF No. 1, PageID.8.) Like Davis, Jackson asked Plaintiff a number of questions. Again, Plaintiff refused to answer any questions. Later that day, Plaintiff was sent back to segregation and he received a ticket for possession of dangerous contraband.

Plaintiff met with Davis again the following day. Davis apparently asked more questions, and commented on the fact that he had looked through Plaintiff's writing.

On February 13, Plaintiff was confined in segregation and being monitored for suicide prevention. Davis saw Plaintiff in his cell and told another officer that Plaintiff did not require suicide monitoring.

Six days later, Plaintiff was transferred to Chippewa Correctional Facility for a few days, and then he was transferred to AMF. At AMF, Plaintiff attempted to ascertain the location of his property. On May 13, he learned that much of it had been lost. Included in the missing property was "a stack of plaintiff's writing that comprised one and two-thirds books that were to be published." (Compl., PageID.10.) This writing "dealt with the course of [Plaintiff's] life for

---

[1] Plaintiff does not expressly describe this "incident" in his complaint, but he implies that it had something to do with a prison escape. He is likely referring to the fact that prison officials discovered items in his possession which indicated that he was planning to escape from prison. *See* John S. Hausman, *Union Official: Double murderer's planned escape from Muskegon Correctional Facility foiled by alert officers*, MLive (Feb. 12, 2015), https://www.mlive.com/news/muskegon/index.ssf/2015/02/union_official_double_murderer.html.

the ten years preceding his incarceration and his subsequent legal proceedings attendant to said incarceration." (*Id.*, PageID.11.)

Plaintiff contends that each of the Defendants was either in possession of Plaintiff's lost property, or responsible for its transport to, or safekeeping in, the property room at MCF. He believes that much of his lost property was discarded while it was being held in, or transported to, the property room at MCF. He believes that Defendant Jackson may have ordered Defendant Davis to retain Plaintiff's manuscript, and that either Defendant Jackson or Defendant Davis ordered or gave permission to another staff member to discard the rest of Plaintiff's lost property.

Plaintiff alleges that there is a "property retaliation policy" in the MDOC, which applies when (1) "an inmate allegedly commits an instance of misconduct sufficient to immediately place him in segregation"; (2) "there is an accompanying incipient disciplinary transfer to a new prison"; and (3) "the prisoner [causes] a staff member tremendous offense." (Compl., PageID.13.) Certain types of misconduct tickets will cause such "offense," including "more egregious instances of insolence, threatening behavior, smuggling, possession of dangerous contraband, assault on staff, and incidents related to escape." (*Id.*)

Likewise, Plaintiff contends that some of his belongings were discarded "in retaliation" for the misconduct ticket that he received and "the events evoking that ticket." (*Id.*, PageID.14.)

Plaintiff filed a grievance regarding his property on May 15, 2015, after he learned that it was missing. That grievance was denied on the merits. He appealed that denial to steps two and three of the grievance appeal process. Those appeals were denied. The denial of the step three grievance occurred on August 29, 2015.

4

Based on the foregoing, Plaintiff claims that Defendants violated his right to procedural and substantive due process under the Fourteenth Amendment. He also claims that Defendants violated state law.

Plaintiff seeks compensatory and punitive damages from each Defendant and an injunction requiring Defendants to turn over all of Plaintiff's property that is being withheld from him.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.    Procedural due process

Plaintiff's claim that he was deprived of procedural due process is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Plaintiff alleges that there is a "policy" of discarding prisoner property in his circumstances, but his allegations supporting such a policy and his assertion that Defendants acted as they did because of the misconduct ticket that he received are unsupported. *See Iqbal*, 556 U.S. at 679. Thus, the rule in *Parratt* applies.

Because Plaintiff's claim is premised upon unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Indeed, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's procedural due process claim will be dismissed.

## IV.    Substantive due process

"Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the

fairness of the procedures used." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))).

Here, Plaintiff alleges that Defendants deprived him of certain property that is valuable to him while investigating certain misconduct, and then some of that property was improperly retained or discarded. Plaintiff does not allege conduct that shocks the conscience. Thus, Plaintiff does not state a substantive due process claim.

## V.  State law claims

The remainder of Plaintiff's claims arise under state law. Where, as here, the Court has exercised jurisdiction over state law claims solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998). Accordingly, Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action under 42 U.S.C. § 1983 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Any claims arising under state law will be dismissed because the Court declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated:   August 17, 2018                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge